## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LETICIA E. LONG,  )
2327 Branch Avenue, S.E.  )
Washington, D.C. 20020  )
 )
      Plaintiff,  )
 )
v.  )    Civil Action No.: _____
 )
THE ENDOCRINE SOCIETY,  )
2055 L Street, N.W. Suite 600  )
Washington, D.C. 20036,  )
**Serve:**  )
CT Corporation System  )
1015 15th NW, Suite 1000  )
Washington, D.C. 20005,  )
 )
      Defendant.  )

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Leticia E. Long ("Ms. Long"), by and through undersigned counsel, hereby sues

The Endocrine Society ("The Endocrine Society"), and states as follows:

### INTRODUCTION

1.     Ms. Long brings this action against The Endocrine Society for violations of the

District of Columbia Family and Medical Leave Act ("DCFMLA"), D.C. Code §§ 32-501 *et*

*seq.*, and the federal Family and Medical Leave Act ("FMLA").

### JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

1331because this action arises under the laws of the United States.  The Court has supplemental

subject matter jurisdiction over the asserted District of Columbia law claims pursuant to 28

U.S.C. § 1367.

3.     This Court is the proper venue for this matter pursuant to 28 U.S.C. 1391.

## PARTIES

4.      Ms. Long is a resident of the District of Columbia.

5.      Upon information and belief, The Endocrine Society is a foreign entity registered to do business in the District of Columbia.

6.      Ms. Long was employed as a Publications Marketing Manager for The Endocrine Society from 2011 to January 8, 2015.

7.      Ms. Long was unlawfully terminated by The Endocrine Society while she was out on DCFMLA and/or FMLA leave.

## FACTUAL ALLEGATIONS

8.      Ms. Long began working for The Endocrine Society as a Publications Marketing Manager in 2011.

9.      While working for The Endocrine Society, Ms. Long earned an annual salary of $84,000.

10.      Ms. Long received excellent performance evaluations during her entire tenure with The Endocrine Society.

11.      Ms. Long was eligible for and received approximately six (6) weeks of FMLA and/or DCFMLA leave in 2014 to care for her father who was suffering from renal failure disease, a serious health condition.

12.      Ms. Long was eligible for and received thirty (30) days of FMLA leave and/or DCFMLA leave beginning on October 15, 2014, to care for her mother who was suffering from Alzheimer's disease, a serious health condition.

13.      Ms. Long returned to work at The Endocrine Society on or about November 14, 2014.

14.     On or about December 15, 2014, Ms. Long informed her supervisor, Meredith Jannsen ("Ms. Jannsen"), via email, that her mother's caregiver was sick and, thus, Ms. Long would be unable to come to work because she needed to care for her mother.  Ms. Long informed Meredith Jannsen that she would be using intermittent FMLA leave and/or DCFMLA leave to take two (2) days off to care for her mother.  Ms. Jannsen responded to the email, stating "ok, thanks for letting me know."

15.     On or about December 23, 2014, Ms. Long went on FMLA leave and/or DCFMLA leave for twelve (12) weeks to care for her mother, whose condition had worsened. Ms. Long submitted the required FMLA request form, her mother's health care provider certification, and was deemed eligible for the leave by The Endocrine Society.

16.     On or about December 23, 2014, Ms. Long received an email from Julie Boynton ("Ms. Boynton") of the Endocrine Society's Office of Human Resources.  Ms. Boynton stated that Ms. Jannsen (Ms. Long's supervisor) would cover Ms. Long's workload and monitor her email account until a temporary employee could be located.  Ms. Boynton further stated that Ms. Long's access to email would be temporarily interrupted during her leave but would be restored once Ms. Long returned from leave.

17.     On or about January 8, 2015, while Ms. Long was still out on FMLA leave and/or DCFMLA leave, she was unlawfully terminated from her employment with The Endocrine Society.  The termination notification stated that Ms. Long was being terminated because of "concerns about poor work performance," an audit that revealed her "extensive and long-term use of the organization's business resources, including her hours, Endocrine Society Information Technology systems, copiers/scanners and office facilities, to run at least two personal

3

businesses." In addition, the termination notification stated that Ms. Long was being terminated because of her application for other employment.

18.     During the time of Ms. Long's employment, The Endocrine Society had fifty (50) or more employees per workday for twenty (20) calendar weeks in the year of Ms. Long's termination or the preceding year of her employment at her worksite or within a 75-mile radius of her worksite.

19.     Ms. Long worked at least twelve (12) months for The Endocrine Society prior to her unlawful termination, and worked at least 1250 hours for The Endocrine Society in the previous twelve (12) months of her employment without a break in service prior to her unlawful termination.

20.     The Endocrine Society failed to maintain Ms. Long's health benefits during her approved FMLA leave and/or DCFMLA leave, unlawfully terminated her while she was on FMLA leave, unlawfully interfered with her FMLA leave and/or DCFMLA leave, unlawfully retaliated against her for taking FMLA leave and/or DCFMLA leave and failed to return Ms. Long to her same or equivalent job after her approved FMLA leave and/or DCFMLA leave.

## COUNT I
### (DCFMLA Interference)

21.     Ms. Long realleges and incorporates by reference paragraphs 1 through 20 of this Complaint and further state as follows.

22.     The Endocrine Society's termination of Ms. Long constitutes DCFMLA interference because Ms. Long was terminated during her approved DCFMLA leave, which interfered with, restrained and denied Ms. Long the ability to exercise her rights pursuant to the DCFMLA.

4

23.    Ms. Long is entitled to all relief that the law allows, including, but not limited to, back pay and front pay for all wages, salary, employment benefits, and other compensation denied or lost to Ms. Long due to this violation, plus interest.  In addition, The Endocrine Society is liable to Ms. Long for liquidated damages and for consequential damages, medical expenses not covered by insurance, as well as her reasonable attorney's fees and court costs.

Wherefore, Ms. Long requests judgment against The Endocrine Society as follows:

a.    Damages in the amount of lost back pay and front pay for her unpaid wages, salary, employment benefits, and other compensation denied or lost due to this violation, plus interest;

b.    Liquidated damages equal to the amount of lost back pay and front pay;

c.    Consequential damages, including, medical expenses not covered by insurance;

d.    Reasonable attorneys' fees and costs; and

e.    Such other relief as the Court may deem just and proper.

## COUNT II
## (FMLA Interference)

24.    Ms. Long realleges and incorporates by reference paragraphs 1 through 23 of this Complaint and further state as follows.

25.    The Endocrine Society's termination of Ms. Long constitutes FMLA interference because Ms. Long was terminated during her approved FMLA leave, which interfered with, restrained and denied Ms. Long the ability to exercise her rights pursuant to the FMLA.

26.    Ms. Long is entitled to all relief that the law allows, including, but not limited to, back pay and front pay for all wages, salary, employment benefits, and other compensation denied or lost to Ms. Long due to this violation, plus interest.  In addition, The Endocrine Society

is liable to Ms. Long for liquidated damages and for consequential damages, medical expenses not covered by insurance, as well as her reasonable attorney's fees and court costs.

27.     Wherefore, Ms. Long requests judgment against The Endocrine Society as follows:

   a.     Damages in the amount of lost back pay and front pay for her unpaid wages, salary, employment benefits, and other compensation denied or lost due to this violation, plus interest;

   b.     Liquidated damages equal to the amount of lost back pay and front pay;

   c.     Consequential damages, including, medical expenses not covered by insurance;

   d.     Reasonable attorneys' fees and costs; and

   e.     Such other relief as the Court may deem just and proper.

Dated: January 7, 2016

Respectfully submitted,

James E. McCollum, Jr.
D.C. Bar No. 398117

Amit K. Sharma
D.C. Bar No. 503604

McCollum & Associates, LLC
7309 Baltimore Avenue, Suite 117
College Park, Maryland 20740
Tel:    (301) 864-6070
Fax:    (301) 864-4351
jmccollum@jmlaw.net
asharma@jmlaw.net

*Attorneys for Plaintiff Leticia E. Long*

## **DEMAND FOR TRIAL BY JURY**

Ms. Long demands a trial by jury of all of her claims.

_James E. McCollum, Jr._

James E. McCollum, Jr.